UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRENDA APPIAH AND KWADWO APPIAH, | : : | |
| Plaintiffs, | : : | No. 3:20-cv-00489 (VLB) |
| v. | : : : | October 23, 2020 |
| HOME DEPOT U.S.A, INC. and HOME DEPOT PRODUCT AUTHORITY, LLC, | : : : | |
| Defendants. | : | |

**MEMORANDUM OF DECISION GRANTING DEFENDANTS'
MOTION TO DISMISS COUNT TWO OF PLAINTIFFS' COMPLAINT, [ECF NO. 3]**

Plaintiffs Brenda Appiah and Kwadwo Appiah (collectively "Plaintiffs") bring the instant action asserting claims arising out of Defendants Home Depot U.S.A., Inc. and Home Depot Product Authority, LLC's (collectively "Home Depot") sale of allegedly defective bathroom tile to Brenda Appiah, which, after installation in her home, allegedly caused injuries to Brenda Appiah's father, co-plaintiff Kwadwo Appiah, when he slipped and fell. In their Complaint, Plaintiffs bring two (2) claims against Home Depot for its sale of the allegedly defective tile, including violation of the Connecticut Products Liability Act (Conn. Gen. Stat. § 52-572m, *et seq.*) ("CPLA"), and violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110b *et seq.* ("CUTPA"). [ECF No. 1-1]. Home Depot now moves to dismiss Count Two (CUTPA) under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, owing to the CPLA's exclusivity provision, which disallows other claims, including CUTPA claims, for

the same allegedly defective product.  [ECF No. 3].[1]  For the following reasons, the motion is GRANTED.

As part of its Opposition to Home Depot's Motion to Dismiss, Plaintiffs filed a Motion to Amend the Complaint.  [ECF No. 35].  For the following reasons, that motion is DENIED.

**Background**

For the purposes of the motion to dismiss, the Court assumes the following allegations of the Complaint to be true.  Plaintiff Brenda Appiah purchased a home in East Hartford, Connecticut in 2018.  [ECF No. 1-1 ¶ 1].  Her father and co-plaintiff, Kwadwo Appiah, was and is a resident in the home.  *Id.* ¶ 2.  In 2018, Brenda Appiah remodeled the home, including the master bathroom, in part by going to the Manchester, Connecticut Home Depot store and purchasing bathroom tile.  *Id.* ¶ 3.  Plaintiff Brenda Appiah had the "subject tile" installed in the master bathroom of her home.  *Id.* ¶ 6.

On May 9, 2019, Plaintiff Kwadwo Appiah "entered the tub in the master bathroom without difficulty or slipping on the subject tile," but "[u]pon exiting the tub with wet feet . . . slipped on the wet tile and twisted his ankle, causing his ankle to fracture, requiring emergent surgery."  *Id.* ¶¶ 7, 8.  Plaintiffs allege that the tile was "wet and very slippery" when Plaintiff Kwadwo Appiah fell.  *Id.* ¶ 9.

---

[1] Home Depot's Motion to Dismiss originally also sought to strike Plaintiff Brenda Kwadwo's CPLA claim under Count One, but in their Reply Brief, Home Depot "withdr[ew] its earlier argument challenging Plaintiff [Brenda Kwadwo's] CPLA claim for failing to allege a cognizable legal injury (Count One)."  [ECF No. 39 at 1 n.1].  As a result, Home Depot only challenges each Plaintiff's Count Two CUTPA claims.

The American National Standards Institute "for ceramic tiles covers dynamic and static coefficients of friction and has defined slip resistance with a level of .42 or greater to be safe when wet or dry." *Id.* ¶ 10.  The subject tile's manufacturer listed the subject tile's coefficient of friction as less than 0.4. *Id.* ¶ 11.  The subject tile's importer states that a tile coefficient of friction greater than 0.5 is safe for residential use and lists the subject tile as "marginally skid resistant," noting that its dynamic coefficient of friction was "not tested." *Id.* ¶ 12.  A Home Depot publication says ceramic tile coefficient of friction greater than 0.42 is recommended, and says the subject tile was not tested. *Id.* ¶ 13.  Home Depot "online information for the subject tile described it as perfect for bathrooms, kitchens, floors, walls and backsplashes." *Id.* ¶ 14.  Home Depot's online information matches its in-store display advertising for the subject tile. *Id.* ¶ 15.

"Brenda Appiah as the purchaser [wa]s harmed in buying and installing the subject tile in her bathroom, which is unsuitable and unsafe in a potentially wet environment." *Id.* ¶ 17.

"Kwadwo Appiah as a result of [Home Depot's] conduct as aforesaid suffered injuries to his right leg, tibia, fibula and ankle, requiring surgery." *Id.* ¶ 18.

In Count Two, entitled "Recklessness," Plaintiffs allege that Home Depot "was reckless in that they knew and/or with reckless disregard of manufacturer, wholesalers and Home Depot information that COF [coefficient of friction] of .42 or greater are recommended for bathroom and kitchen tile COF," that the manufacturer of the subject tile "listed a COF of less than .40," that Home Depot

3

"deliberately did not test the tile," and "[t]hat testing the subject tile shows a COF when wet of .22." *Id.* ¶¶ 16-19.  Plaintiffs also allege in this Count that Home Depot "knew or with reckless disregard that this type of tile as an entire product line sold for bathroom and kitchen was not compliant with the ANSI recommended COF of greater than 0.42," and "[t]hat customers had no warning of dangers of slippery tile when installed or dry due to the COF when dry being .50 or greater, and 0.22 when wet."  *Id.* ¶¶ 20, 21.

Plaintiffs allege that "[t]he foregoing conduct constitutes a violation of the Connecticut Unfair Trade Practices Act (CUTPA) C.G.S. 42-110b(a)."  *Id.* ¶ 36.

Under Count Two Plaintiffs seek "[d]amages," "[c]osts," punitive damages, "attorney fees," and "[s]uch other and further relief as in law and equity this Court may further provide."  *Id.* at 7.

### Procedural History

On April 13, 2020, the same day it removed Plaintiffs' state court complaint to this Court, Home Depot filed its Motion to Dismiss Plaintiff's Complaint.  [ECF No. 3].

Plaintiffs filed a motion to amend the Complaint on April 27, 2020, [ECF No. 10], seeking to add "The Home Depot, Inc." as a party Defendant, which, Plaintiffs noted, "pursuant to defendant [sic] corporate disclosure statement is the parent of both defendants, Home Depot USA and Home Depot Product Authority, LLC as wholly owned subsidiaries."  *Id.* at 1.  Home Depot opposed Plaintiffs' Motion to Amend, arguing that under Connecticut law, "a parent company cannot be held

4

liable for the acts of its subsidiary," which would make any such amendment subject to dismissal and therefore futile. [ECF No. 13 at 1]. The Court agreed, denying Plaintiffs' Motion to Amend "without prejudice to re-filing with a memorandum of law demonstrating that it would not be futile." [ECF No. 14].

On June 9, 2020, Plaintiffs re-filed their Motion to Amend the Complaint with a Memorandum of Law, arguing that while Plaintiffs were not "seek[ing] to pierce the corporate veil," they believed that the parent company "The Home Depot, Inc." was liable because its "affirmative acts contributed to, and caused the plaintiffs [sic] injuries, including financial losses." [ECF No. 16 at 5]. Home Depot opposed Plaintiffs' re-filed Motion to Amend, reiterating its argument that Plaintiffs' Motion to Amend "should be denied as futile as its proposed amended complaint cannot survive a Rule 12(b)(6) motion to dismiss" because "a parent company . . . cannot be held liable for the acts of its subsidiary under Connecticut law." [ECF No. 21 at 1]. The Court agreed, denying Plaintiffs' re-filed Motion to Amend on July 24, 2020. [ECF No. 25].

On August 13, 2020, Plaintiffs filed a third Motion to Amend their Complaint, [ECF No. 30], and, after Home Depot promptly opposed it, [ECF No. 31], filed a Notice withdrawing their third Motion to Amend. [ECF No. 32]. The Court denied Plaintiffs' third Motion to Amend as moot in light of Plaintiffs' withdrawal of same. [ECF No. 33]. Because Plaintiffs had yet to respond to Home Depot's Motion to Dismiss, which was filed upon Removal on April 13, 2020, the Court ordered Plaintiffs to respond to Home Depot's Motion to Dismiss by September 15, 2020. [ECF No. 34].

Plaintiffs filed a fourth Motion to Amend their Complaint on September 10, 2020, [ECF No. 35], and opposed Home Depot's Motion to Dismiss on September 15, 2020. [ECF No. 36]. Home Depot opposed Plaintiffs' fourth Motion to Amend their Complaint the next day, on September 16, 2020, [ECF No. 37], and filed a timely Motion to Dismiss Reply Brief on September 29, 2020. [ECF No. 39].

### Legal Standard

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a motion to dismiss for failure to state a claim, the Court should follow a "two-pronged approach" to evaluate the sufficiency of the complaint. *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "At the second step, a court should determine whether the 'wellpleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

In general, the Court's review on a motion to dismiss pursuant to Rule 12(b)(6) "is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).  The Court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit."  *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

### Analysis

Home Depot argues that Plaintiffs' CUPTA claim should be dismissed because the exclusivity provision of the CPLA bars Plaintiffs' CUTPA claim "seeking damages for personal injuries caused by the allegedly defective Tile and/or Home Depot's marketing thereof."  [ECF No. 3-1 at 8].  This provision provides:

> **(a) A product liability claim as provided in sections 52-240a, 52-240b, 52-572m to 52-572q, inclusive, and 52-577a may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product.**

Conn. Gen. Stat. §52-572n(a).  The CPLA "shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product."  [ECF No. 3-1 at 8 (quoting *Beyer v. Anchor Insulation Co.*, No. 3:13-cv-01576 (JBA), 2014 WL 5465698, at *2 (D. Conn. Oct. 28, 2014), *quoting* Conn. Gen. Stat. § 52–572n(a))].

7

Home Depot acknowledges that the Connecticut Supreme Court has recognized the propriety of CUTPA claims in the product liability context when the claim is "either for an injury not caused by the defective product, or if the party is not pursuing a claim for 'personal injury, death or property damage,'" *id.* at 8-9 (quoting *Gerrity v. R.J. Reynolds Tobacco Co.*, 263 Conn. 120, 128 (2003)), but argues that in this case Plaintiffs' claims are "nothing more than a product liability act claim dressed in the robes of CUTPA," which are "plainly barred by the CPLA's exclusivity provision." *Id.* at 9.

Plaintiffs respond that their CUTPA claim should not be dismissed because under the recent Connecticut Supreme Court *Soto v. Bushmaster Firearms* case, Home Depot's "wrongful marketing" of the subject tile, which occurred when Home Depot knew the subject tile was unsafe for bathroom applications and yet marketed it as safe, may proceed under CUTPA even in the face of the CPLA's exclusivity provision. [ECF No. 36 at 7-8 (citing *Soto v. Bushmaster Firearms Int'l, LLC*, 331 Conn. 53 (2019))].

In addition, Plaintiffs argue in their fourth Motion to Amend that they have remedied any deficiency with their original Complaint's CUTPA Count by adding allegations of improper marketing by Home Depot, which, as argued by Plaintiffs, was recently held by the Connecticut Supreme Court to be actionable as a CUTPA claim in *Soto*, as "an exception to the exclusivity provisions of the Connecticut Products Liability Act." [ECF No. 35 at 2]. Specifically, Plaintiffs seek to add a paragraph to their CUTPA Count, stating that "[t]he conduct of the Defendants in wrongfully marketing the subject tile for use in bathrooms and kitchens with the

8

**knowledge that such tile was unsafe and unsuitable for that purpose is reckless marketing consistent with the holding in *Soto* . . . allowing this cause of action." [ECF No. 35 Exh. A (Proposed Am. Compl.) ¶ 21].**

> **Home Depot Replies that *Soto* is of no help to Plaintiffs:**
>
> **In *Soto*, the Connecticut Supreme Court held that the CPLA's exclusivity provision did not bar plaintiffs' CUTPA claim. There, in their CUTPA count, plaintiffs alleged that the defendants marketed and promoted their assault rifles in 'an unethical, oppressive, immoral, and unscrupulous manner that promoted illegal offensive use of the rifle.' Specifically, plaintiffs alleged that the defendants promoted the assault rifles' use for offensive, assaultive purposes such as 'waging war and killing human beings,' extolled the militaristic qualities of the rifles, and advertised the rifle as a weapon that allows a single individual to force his multiple opponents to 'bow down.' In upholding the *Soto* plaintiffs' CUTPA claim, the Connecticut Supreme Court noted that 'although a product liability claim includes all claims or actions brought for personal injury, death or property damage caused by [among other things] the . . . marketing . . . of any product . . . it is well established that the exclusivity provision of the Product Liability Act applies only to those claims seeking to recover damages caused by a <u>defective product</u>.' Importantly, the *Soto* plaintiffs did <u>not</u> allege that the assault rifles were defective. Consequently, the Connecticut Supreme Court held that the CPLA's exclusivity provision did not bar the plaintiffs' CUTPA claim. Unlike the plaintiffs in *Soto*, the Plaintiffs in the present action <u>are</u> seeking to recover damages caused by a defective product. The crux of Plaintiffs' allegations is that as the allegedly defective tile lacked the proper slip resistance level, Mr. Appiah slipped and fell on the tile upon exiting the bathtub. As a result, the allegedly defective tile caused Mr. Appiah to sustain personal injuries while Ms. Appiah sustained property damage. Plaintiffs' allegations of property damage and personal injury due to a defective product are exclusively covered by the CPLA. This is distinguishable from the *Soto* plaintiffs' CUTPA allegations, which were purely based on wrongful advertising and did not involve a defective product. Whereas in the present action, the crux of Plaintiffs' claims involves alleged injuries sustained due to a defective product and are not purely based on wrongful advertising.**

**[ECF No. 39 at 3-4 (quoting *Soto*, 331 Conn. at 107 n.33) (emphasis in original)].**

9

**Home Depot also argues that Plaintiffs assert no allegation that Home Depot's marketing conduct was "outrageous or immoral."  *Id.* at 4.  Rather, they simply allege that Home Depot misrepresented the properties of the subject tile, and Connecticut courts "regularly grant motions to strike CUTPA claims due to the CPLA's exclusivity provision in similar situations where a plaintiff merely alleges that the defendant engaged in advertising or marketing that involved misrepresentations or other unfair conduct."  *Id.* (citing cases).**

**The Court agrees with Home Depot.  First, *Soto* provides no support for Plaintiffs' argument that the CPLA's exclusivity provision does not apply to "wrongful marketing."  *Soto* made clear that the exclusivity provision of the Product Liability Act applies to those claims seeking to recover damages caused by a <u>defective product</u>; the CUTPA claim in *Soto* was allowed to go forward because the claim was not for a defective product, unlike here.  Here, Plaintiffs are alleging the existence of a defective product in tandem with misrepresentations about the product's efficacy.  This CUTPA claim is barred by the CPLA's exclusivity provision, which is consistent with *Soto.***

**In addition, as Home Depot points out, Connecticut courts have routinely stricken such "wrongful marketing" claims when cast as CUTPA claims because they are precluded by the CPLA's exclusivity provision.  *See, e.g., Phillips-Moldex Co. v. Beaulieu Co.,* No. HHD-CV-186010659, Conn. Super. Lexis 3283, at \*15-18 (Conn. Super. Ct. Dec. 6, 2019) (striking CUTPA claim due to CPLA's exclusivity provision when claim based on Defendant's "fail[ure] to timely share information" and making "false representations and/or omissions" in its marketing of the**

10

defective product, even though Plaintiffs alleged, as here, that *Soto* made their CUTPA claims viable); *Cavanaugh v. Subaru of Am., Inc.*, No. MMX-CV-166015243, 2017 Conn. Super. LEXIS 864, at *6 (Conn. Super. Ct. May 4, 2017) (finding CUTPA count "subsumed by the CPLA" because "a product manufacturer ma[king] false representations in advertising, labeling, and brochures 'is simply one facet of the overall allegation of product liability.'") (quoting *Convention of the Episcopal Diocese v. Minwax Co.*, No. CV-94-534705-S, Conn. Super. LEXIS 835, at *3 (Conn. Super. Ct. Apr. 7, 1994)); *Leach v. JM Assocs., Inc.*, No. CV-98-61872-S, Conn. Super. LEXIS 3357, at *5-6 (Conn. Super. Ct. Nov. 24, 1998) (striking Plaintiff's CUTPA claim based on wrongful marketing because "the CPLA is specific and clear that the plaintiff's marketing claims under CUTPA fall within the definition of a 'product liability claim,' thus constituting the plaintiff's exclusive remedy.").

### Leave to Amend

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, a plaintiff has "21 days after service of a motion under Rule 12(b)" to amend their Complaint as a matter of right.

Plaintiffs filed the instant Motion to Amend well after the 21-day period in which they could have done so by right. [ECF No. 1 Complaint filed April 13, 2020; ECF No. 35 Motion to Amend filed September 10, 2020]. In addition, Plaintiffs have

11

had multiple opportunities to amend the Complaint, [ECF Nos. 10, 16, 30], and have failed to put forth a proper basis on which the Court could have granted their motions. The same is true now.

Plaintiffs' "CUTPA claim [is] substantively deficient and . . . Plaintiff[s] ha[ve] not presented any basis for the Court to believe [they] could allege facts that could withstand a 12(b)(6) motion." *Singh v. Cigna Corp.*, 277 F. Supp. 3d 291, 326 (D. Conn. 2017), *aff'd*, 918 F.3d 57 (2d Cir. 2019). This is because Plaintiffs' proposed amendment simply adds allegations regarding Home Depot's "wrongful marketing" which, as discussed, does not make Plaintiffs' CUTPA claims viable. "Accordingly, . . . leave to amend would be futile." *See id*; *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (ruling in an inmate's civil rights case that "the problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile.").

### Conclusion

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss Count 2 CUTPA claim as precluded by the CPLA's exclusivity provision. Additionally, the Court DENIES Plaintiffs' Fourth Motion for Leave to File an Amended Complaint.

IT IS SO ORDERED

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: October 23, 2020.