UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRENDA APPIAH AND KWADWO APPIAH, | : : | |
| Plaintiffs, | : : | No. 3:20-cv-00489 (VLB) |
| v. | : : : | December 9, 2021 |
| HOME DEPOT U.S.A, INC. and HOME DEPOT PRODUCT AUTHORITY, LLC, | : : : | |
| Defendants. | : | |

**MEMORANDUM OF DECISION DENYING PLAINTIFFS'
AMENDED MOTION FOR CLASS CERTIFICATION, [ECF NO. 61]**

Plaintiffs Brenda Appiah and Kwadwo Appiah (collectively "Plaintiffs") bring the instant products liability action against Defendants Home Depot U.S.A., Inc. and Home Depot Product Authority, LLC's (collectively "Home Depot") arising out of the sale of allegedly defective bathroom tile to Brenda Appiah, which, after installation in her home, allegedly caused injuries to Brenda Appiah's father, co-plaintiff Kwadwo Appiah, when he slipped and fell. In their Complaint, Plaintiffs brought two (2) claims against Home Depot for its sale of the allegedly defective tile, including violation of the Connecticut Products Liability Act (Conn. Gen. Stat. § 52-572m, *et seq.*) ("CPLA"), and violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110b *et seq.* ("CUTPA"). [ECF No. 1-1]. On October 23, 2020, the Court granted Home Depot's motion to dismiss Count Two (CUTPA) under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, owing to the CPLA's exclusivity provision, which disallows other claims, including CUTPA claims, for the same allegedly defective product. [ECF No. 41].

**Now before the Court is Plaintiffs' Amended Motion for Class Certification, [ECF No. 61].  For the following reasons, the motion is DENIED.**

**Background**

**Plaintiff Brenda Appiah purchased a home in East Hartford, Connecticut in 2018.  [ECF No. 1-1 ¶ 1].  Her father and co-plaintiff, Kwadwo Appiah, also resided in the home.  *Id.* ¶ 2.  In 2018, Brenda Appiah installed tile in her master bathroom purchased from the Manchester, Connecticut Home Depot store.  *Id.* ¶ 6.**

**On May 9, 2019, Plaintiff Kwadwo Appiah "entered the tub in the master bathroom without difficulty or slipping on the subject tile," but "[u]pon exiting the tub with wet feet . . . slipped on the wet tile and twisted his ankle, causing his ankle to fracture, requiring emergent surgery."  *Id.* ¶¶ 7, 8.  Plaintiffs allege that the tile was "wet and very slippery" when Plaintiff Kwadwo Appiah fell.  *Id.* ¶ 9. Kwadwo Appiah claims injuries to his right leg, tibia, fibula, and ankle.  *Id.* ¶ 18.**

**The American National Standards Institute "for ceramic tiles covers dynamic and static coefficients of friction and has defined slip resistance with a level of .42 or greater to be safe when wet or dry."  *Id.* ¶ 10.  The subject tile's manufacturer listed the subject tile's coefficient of friction as less than 0.4.  *Id.* ¶ 11.  The subject tile's importer states that a tile coefficient of friction greater than 0.5 is safe for residential use and lists the subject tile as "marginally skid resistant," noting that its dynamic coefficient of friction was "not tested."  *Id.* ¶ 12.  A Home Depot publication says ceramic tile coefficient of friction greater than 0.42 is recommended, and says the subject tile was not tested.  *Id.* ¶ 13.  Home Depot "online information for the subject tile described it as perfect for bathrooms,**

kitchens, floors, walls and backsplashes." *Id.* ¶ 14.  Home Depot's online information matches its in-store display advertising for the subject tile.  *Id.* ¶ 15.

"Brenda Appiah as the purchaser [wa]s harmed in buying and installing the subject tile in her bathroom, which is unsuitable and unsafe in a potentially wet environment."  *Id.* ¶ 17.

Procedural History

On April 13, 2020, the same day it removed Plaintiffs' state court complaint to this Court, Home Depot filed a Motion to Dismiss Plaintiff's Complaint.  [ECF No. 3].

Plaintiffs filed a motion to amend the Complaint on April 27, 2020, [ECF No. 10], seeking to add "The Home Depot, Inc." as a party Defendant, which, Plaintiffs noted, "pursuant to defendant *(sic)* corporate disclosure statement is the parent of both defendants, Home Depot USA and Home Depot Product Authority, LLC as wholly owned subsidiaries."  *Id.* at 1.  Home Depot opposed Plaintiffs' Motion to Amend, arguing that under Connecticut law, "a parent company cannot be held liable for the acts of its subsidiary," which would make any such amendment subject to dismissal and therefore futile.  [ECF No. 13 at 1].  The Court agreed, denying Plaintiffs' Motion to Amend "without prejudice to re-filing with a memorandum of law demonstrating that it would not be futile."  [ECF No. 14].

On June 9, 2020, Plaintiffs re-filed their Motion to Amend the Complaint with a Memorandum of Law, arguing that while Plaintiffs were not "seek[ing] to pierce the corporate veil," they believed that the parent company "The Home Depot, Inc."

3

was liable because its "affirmative acts contributed to, and caused the plaintiffs *(sic)* injuries, including financial losses." [ECF No. 16 at 5]. Plaintiffs did not specify the acts to which it alluded. Home Depot opposed Plaintiffs' re-filed Motion to Amend, reiterating its argument that Plaintiffs' Motion to Amend "should be denied as futile as its proposed amended complaint cannot survive a Rule 12(b)(6) motion to dismiss" because "a parent company . . . cannot be held liable for the acts of its subsidiary under Connecticut law." [ECF No. 21 at 1]. In the absence of any act attributed to the parent, the Court agreed, and denied Plaintiffs' re-filed Motion to Amend on July 24, 2020. [ECF No. 25].

Meanwhile, on June 16, 2020, Plaintiffs filed a self-styled "placeholder" Motion for Class Certification, asking the Court to "stay its ruling on class certification until the issue has been fully briefed pursuant to an appropriate scheduling order entered by this Court." [ECF No. 17]. Home Depot opposed Plaintiffs' Motion, arguing that it was "premature as no discovery ha[d] been conducted to-date." [ECF No. 22 (citing *Physicians Healthsource, Inc. v. Purdue Pharma L.P.*, No. 3:12-cv-1208 (SRU), 2013 U.S. Dist. LEXIS 127117, at *5 (D. Conn. Sept. 6, 2013) (denying Plaintiff's motion for class certification prior to discovery as premature because "where the movant admits that more discovery is needed on matters related to class certification, the interests of the parties, as well as the interests of the court, are best served by deferring consideration of any such motion until that process is complete.")]. The Court agreed, denying Plaintiffs' Motion for Class Certification "as premature, without prejudice to Plaintiffs' re-

filing same at the appropriate time, i.e. when they can show that the requirements of Rule 23 for class certification are met." [ECF No. 26].

On August 13, 2020, Plaintiffs filed a third Motion to Amend their Complaint, [ECF No. 30], and, after Home Depot promptly opposed it, [ECF No. 31], filed a Notice withdrawing their third Motion to Amend. [ECF No. 32]. The Court denied Plaintiffs' third Motion to Amend as moot in light of Plaintiffs' withdrawal of same. [ECF No. 33].

After denying its latest motion to amend, which was not responsive to Home Depot's April 13, 2020 Motion to Dismiss, the Court order Plaintiff to respond by September 15, 2020. [ECF No. 34].

Plaintiffs filed a fourth Motion to Amend their Complaint on September 10, 2020, [ECF No. 35], and opposed Home Depot's Motion to Dismiss on September 15, 2020. [ECF No. 36]. Home Depot opposed Plaintiffs' fourth Motion to Amend their Complaint the next day, on September 16, 2020, [ECF No. 37], and filed a timely Motion to Dismiss Reply Brief on September 29, 2020. [ECF No. 39]. Following that, as mentioned, the Court granted Home Depot's Motion to Dismiss the Second (CUTPA) Counts of the Complaint and denied Plaintiff's fourth Motion to Amend. [ECF No. 41].

On January 11, 2021, the Court set the Scheduling Order for this case, requiring Plaintiff's Motion for Class Certification by June 25, 2021, a Discovery Status Conference on July 7, 2021, and the completion of discovery on October 1, 2021. [ECF No. 49].

5

The July Discovery Status Conference was held on July 13, 2021, with the Court noting that "Plaintiffs' counsel is obtaining additional medical records. A follow-up teleconference will be scheduled for early September to allow counsel to propose a new and definite scheduling order." [ECF No. 55]. A follow-up teleconference was scheduled for September 9, 2021. [ECF No. 56].

On September 8, 2021, Plaintiff filed a second Motion for Class Certification which was devoid of factual support. [ECF No. 58]. The next day, September 9, 2021, at the Parties' scheduled teleconference, the Court directed Plaintiffs' "Counsel [to] refile the motion for class certification with more substance within [one] week." [ECF No. 60].

On September 16, 2021, Plaintiff filed the instant Amended Motion for Class Certification. [ECF No. 61]. In the Amended Motion, "Plaintiff[s], individually and on behalf of [themselves] and all others similarly situated, respectfully request[] that this Court, pursuant to Fed. R. Civ. P. 23(a), 23(b)(1), 23(b)(2), and 23(b)(3), and after allowing time for the parties to engage in class certification discovery, permit the Plaintiff[s] to file supplemental materials and supporting memorandum of law, [and] grant this Motion for Class Certification. Plaintiffs further request an order appointing the undersigned counsel to represent the certified class and subclass pursuant to Rule 23(g)." [ECF No. 61]. Home Depot timely opposed Plaintiffs' Motion for Class Certification, [ECF No. 64], and Plaintiffs opted against filing a Reply Brief.

**Legal Standard**

Pursuant to Rule 23(a), "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all members only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). The Second Circuit "h[as also] recognized an 'implied requirement of ascertainability' in Rule 23 of the Federal Rules of Civil Procedure." *Brecher v. Republic of Arg.*, 806 F.3d 22, 24 (2d Cir. 2015). "[T]he touchstone of ascertainability is whether the class is 'sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member.'" *Id.* (quoting 7A Charles Alan Wright & Arthur R. Miller et al., Federal Practice & Procedure § 1760 (3d ed. 1998)).

Rule 23(b)(3) requires a finding that "questions of law or fact common to class members predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "The matters pertinent to these findings include: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against

class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." *Id.*

It is well-settled in the Second Circuit that "Rule 23 is given [a] liberal rather than restrictive construction, and courts are to adopt a standard of flexibility." *Marisol A. by Forbes v. Giuliani*, 126 F.3d 372, 377 (2d Cir. 1997) (quoting *Sharif ex rel. Salahuddin v. N.Y. State Educ. Dep't*, 127 F.R.D. 84, 87 (S.D.N.Y. 1989)). "Nevertheless, district courts must undertake a 'rigorous analysis' to ensure that Rule 23's requirements have been satisfied." *In re NTL Sec. Litig.*, No. 02 Civ. 3013 (LAK) (AJP), 2006 U.S. Dist. LEXIS 5346, at *14 (S.D.N.Y. Feb. 14, 2006) (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982)).

"In ruling on class certification, . . . it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question," *id.* at *15 (quoting *Falcon*, 457 U.S. at 160), but "[i]n deciding a certification motion, district courts must not consider or resolve the merits of the claims of the purported class." *Id.* (quoting *Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283, 293 (2d Cir. 1999)). "In order to pass muster, plaintiffs - who have the burden of proof at class certification - must make '<u>some showing</u>' [that the class comports with Rule 23]. That showing may take the form of, for example, expert opinions, evidence (by document, affidavit, live testimony, or otherwise), or the uncontested allegations of the complaint." *Id.* at *16 (emphasis in original) (quoting *In re Initial Pub. Offering Sec. Litig.*, 227 F.R.D. 65, 93 (S.D.N.Y. 2004)). In all cases, "[t]he burden of proving

8

compliance with all of the requirements of Rule 23 rests with the party moving for certification."  *Levitt v. J.P. Morgan Sec., Inc.*, 710 F.3d 454, 465 (2d Cir. 2013).

Analysis

Plaintiffs define two classes that they request the Court certify.  First, "Plaintiff, Brenda Appiah, seeks the following class certification, pursuant to Rule 23:

> The National Class: All persons in the United States who purchased and installed the subject tiles in-doors where they are likely to be walked upon under wet conditions.

[ECF No. 61 at 11].  Second, "[t]he Plaintiff, Kwadwo Appiah, seeks to the following class certification *(sic)*:

> The Connecticut Class: All persons in the State of Connecticut who were injured when they slipped and fell upon walking on the subject tiles in-doors under wet conditions.

*Id.*

Plaintiffs, noting that "[a] district court has 'broad discretion' in determining whether to certify a class," [ECF No. 61 at 12 (quoting *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993))], argues that "[t]his case satisfies all the elements of Rule 23(a) and Rule 23(b)(1), 23(b)(2), [and] 23(b)(3)."  *Id.*  Home Depot, obviously, disagrees.  [ECF No. 64].

As an initial matter, the Court notes that Plaintiffs' Motion for Class Certification is replete with citation to cases from the Seventh Circuit and district courts therein.  In fact, Plaintiffs so cite, by the Court's count, over 15 times, and Plaintiffs' brief contains not one citation to actual binding authority in the form of

Second Circuit opinion. *See generally* [ECF No. 61]. Because of that, the legal basis for Plaintiffs' suggestion that the Court certify their proposed classes is thin indeed. And Plaintiffs' repeated citation to Seventh, not Second, Circuit precedent is especially troubling given the wide disparity among the circuit courts on critical questions of class certification. *See, e.g.*, 5 Moore's Federal Practice § 23.21 (MB 2021) (noting that numerous Circuit Courts "have rejected" the Third Circuit's take on class ascertainability, and "have not followed the Third Circuit's 'heightened ascertainability' approach."). As with all motions, the movant bears the burden of persuasion.

In addition, the Court is troubled by Plaintiffs' failure to recognize the stage of this litigation. Not only did Plaintiffs file their Motion for Class Certification over two months' late, as the motion was due June 25, 2021, Plaintiff alludes to the need to conduct more discovery, suggesting there is insufficient factual support for the motion. [ECF No. 49, 58, 61 at 24 ]. Notwithstanding, Plaintiffs request that the Court appoint "interim class counsel,", and allow Plaintiffs "ample opportunity to conduct [additional] full discovery" when the discovery deadline did not expire until October 1, 2021. [ECF No. 61 at 24].

This filing is particularly perplexing as Plaintiffs' initial Motion for Class Certification was denied by the Court "as premature, without prejudice to Plaintiffs re-filing same at the appropriate time, i.e., when they can show that the requirements of Rule 23 for class certification are met." [ECF No. 26]. Yet fifteen months later, Plaintiffs filed a second Motion for Class Certification that was literally identical to their original Motion. *Compare* [ECF No. 17 (Initial Motion for

Class Certification dated June 16, 2020)] *with* [ECF No. 58 (Second Motion to Certify Class dated September 8, 2021)]. It is troublesome that after fifteen months of discovery Plaintiffs apparently learned <u>nothing</u> that might assist them in "show[ing] that the requirements of Rule 23 for class certification are met." [ECF No. 26]. As Plaintiffs had fifteen months to conduct discovery, did not seek additional time, and the close of discovery was imminent, the Court directed Plaintiffs to re-file their second Motion for Class Certification "with more substance," as ordered in the denial of their original motion. [ECF No. 60].

As to the substance of Plaintiffs' motion, it is glaringly deficient in two key aspects. First, Plaintiffs do not even attempt to show that the membership of the two classes Plaintiffs propose is ascertainable. The Second Circuit "h[as] recognized an 'implied requirement of ascertainability' in Rule 23 of the Federal Rules of Civil Procedure." *Brecher*, 806 F.3d at 24. "[T]he touchstone of ascertainability is whether the class is 'sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member.'" *Id.* (quoting 7A Wright & Miller, Federal Practice & Procedure § 1760; *see also Weiner v. Snapple Beverage Corp.,* No. 07 Civ. 8742 (DLC), 2010 WL 3119452, at *12 (S.D.N.Y. Aug. 5, 2010) (a class must be "readily identifiable, such that the court can determine who is in the class and, thus, bound by the ruling.") (internal quotation marks omitted). "A class is ascertainable when defined by objective criteria that are administratively feasible and when identifying its members would not require a mini-hearing on the merits of each case." *Charron v.*

*Pinnacle Grp. N.Y. LLC*, 269 F.R.D. 221, 229 (S.D.N.Y. 2010) (citations and internal quotation marks omitted).

Here, Plaintiffs fail to even address this critical issue, and the court has strong reservations about whether Plaintiffs' proposed classes are, in fact, ascertainable. For example, Plaintiffs' proposed national class consists of "[a]ll persons in the United States who purchased and installed the subject tiles in-doors where they are likely to be walked upon under wet conditions." [ECF No. 61 at 11]. Plaintiffs suggest that the only required inquiry is who bought the subject tile, but even if that were knowable, about which the Court has its doubts, Plaintiffs propose no method of determining who belongs to their national class, other than "contacting Home Depot's injured customers" using Home Depot's "readily available" customer information. *Id.* at 13. But a detailed inquiry of purchasers for every installation of the subject tile to determine the details of exactly how it was installed in each instance, especially since the subject tile is usable in many areas of the home, and whether the tile was installed "in-doors where they are likely to be walked upon under wet conditions," is the very type of "mini-hearing on the merits of each case" that the Second Circuit has cautioned against. *Charron*, 269 F.R.D. at 229; *see also Wang v. Tesla, Inc.*, 338 F.R.D. 428, 439 (E.D.N.Y. 2021) ("Determining whether a particular individual fit[s] within this class definition would require a hearing . . . [and] [s]uch time-intensive inquiries indicate the class is not ascertainable.").

Plaintiffs similarly provide no basis for ascertaining the membership of the Connecticut class. For example, it fails to define who, if anyone, was injured, what

severity of injury would qualify for class membership, etc.  In any case, Plaintiffs make no attempt, except impliedly, to show that the Second Circuit's ascertainability requirement is met.  And the Court doubts that it can be.

Even more troubling is Plaintiffs' treatment of the "adequacy of representation" requirement, which requires Plaintiffs to show that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  One of the key aspects of this requirement is Plaintiffs' showing that "plaintiff[s'] attorneys are qualified, experienced and able to conduct the litigation."  *Cordes & Co. Fin. Servs. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 99 (2d Cir. 2007) (quoting *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 222 F.3d 52, 60 (2d Cir. 2000)).  But Plaintiffs utterly fail to show that their attorney is, in fact, "qualified, experienced and able to conduct [this class action] litigation."  *Id.*

Plaintiffs state that their counsel is "competent and experienced in complex litigation," [ECF No. 61 at 18], that he "has represented plaintiffs in civil litigations in Connecticut Courts for more than a decade," and that he "has supportive work relationships with several large Connecticut law firms that engage in large-scale class action lawsuits."  *Id.*  But there is no evidence, or even a statement claiming, that Plaintiffs' counsel has <u>ever</u> represented anyone in <u>any</u> class action.  Home Depot notes that "Plaintiffs provide no supporting evidence, no citations to prior class actions handled by Attorney Ollennu or his firm, no affidavits or other exhibits regarding counsel's experience, no information about the relationship firms (who have not appeared in this matter), and no affidavit averring that counsel is committed to serving as lead counsel in this matter."  [ECF No. 64 at 25-26].

13

**Plaintiffs therefore, Home Depot argues, have "failed to show" that their counsel is "competent to prosecute class action litigation." *Id.* at 26. The Court quite agrees Plaintiffs fail to demonstrate any track-record, much less an adequate one.**

**Home Depot also argues that Plaintiffs' counsel demonstrates a lack of proper representation by filing Plaintiffs' Motion for Class Certification over two months late "and fail[ing] [twice] to include substantive information required by Rule 23; and [in the second instance despite] the Court's [instructional] order." [ECF No. 64 at 26 (quoting *Bruce v. Cty. of Rensselaer*, No. 02-CV-0847, 2003 WL 22436281, at *3 (N.D.N.Y. Oct. 20, 2003) ("many courts have recognized that aside from the fact that a delay in moving may violate local rules and/or a court order, failure to move in a timely fashion for certification of a class <u>bears strongly on the adequacy of representation that those class members might expect to receive</u>.") (emphasis in Home Depot's Opposition)]. The Court agrees with this argument as well, especially since the second Motion was quite late, but also both motions patently failed to meet the legal standard even though the Court instructed counsel to include more "substance." Counsel ignored the Court's instruction and filed the identical motion which the Court previously ruled was deficient.**

**For these reasons, the Court finds that the fourth element of class certification under Rule 23, adequacy of representation, is not met. Fed. R. Civ. P. 23(a)(4). And the Court notes in passing that this is Plaintiffs' third chance to show that they have met this requirement.**

As to Rule 23's other requirements, Plaintiffs fail to show that each is met, which the Court will briefly discuss.

First, as to numerosity under Rule 23(a)(1), Plaintiffs' only argument is that "five hundred boxes of the subject tiles were sold to consumers by the Home Depot store in Manchester, Connecticut in 2018 alone," [ECF No. 61 at 12-13], which "amounts to a large group of Home Depot customers across Connecticut, and an even larger group of affected consumers in the entire United States," *id.* at 13, which makes it "clear to the Plaintiffs that the class members number in the thousands." *Id.* Thus, Plaintiffs assert, "the numerosity requirement of Rule 23 (a)(1) is satisfied." *Id.*

Home Depot counters that as to the Connecticut class, which consists of "[a]ll persons in the State of Connecticut who were injured when they slipped and fell upon walking on the subject tiles in-doors under wet conditions," *id.* at 11, "Plaintiffs' Motion provides no evidence regarding the size of the Connecticut Class," and "[t]he evidentiary record . . . shows that Mr. Appiah is the sole member." [ECF No. 64 at 16]. In addition, "Home Depot's investigation in response to the Plaintiffs' discovery requests did not identify a single additional class member," and, "[c]onsistent with Home Depot's records, Plaintiffs cannot identify any additional members of the proposed class." *Id.* Home Depot also argues that because the subject tile can be used in areas where it is not likely to be wet, basing the number of class members of the national class based on the number of boxes of subject tile sold is speculative, *id.* at 17-18, and as "Plaintiffs have not demonstrated that either of their classes are sufficiently numerous, . . . [c]lass

15

certification should be denied." *Id.* at 18-19.  The Court agrees, as Plaintiffs have made no showing regarding either the number of "persons in the United States who purchased and installed the subject tiles in-doors where they are likely to be walked upon under wet conditions," or the number of persons in the State of Connecticut who were "injured when they slipped and fell upon walking on the subject tiles in-doors under wet conditions."  [ECF No. 61 at 11].  The Court finds that the numerosity requirement of Rule 23(a)(1) is not met.

Plaintiffs argue that the commonality requirement of Rule 23(a)(2) and the predominance requirement of Rule 23(b)(3) are both met because "Defendant *(sic)* engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff *(sic)* on behalf of themselves and all other Class members. Individual questions, if any, pale by comparison in both quality and quantity to the numerous common questions that dominate this action."  [ECF No. 61 at 14-15]. Once again, Plaintiffs make this assertion without any factual support.

Home Depot argues that "[t]here are many issues of fact and law applicable to both proposed classes that cannot be resolved uniformly on a class-wide basis. For example, the mechanism of injury, presence of a safety measure rendering the product non-defective, whether there was water at the location of the fall (in the case of the Connecticut Class), are included in the myriad individualized questions of fact attendant to Plaintiffs' proffered claims."  [ECF No. 64 at 19].  This is why, Home Depot argues, "that all relevant Court of Appeals and the bulk of relevant district court decisions have rejected class certification in products liability cases."

*Id.* at 20-22 (quoting *In re Rezulin Prod. Liab. Litig.*, 210 F.R.D. 61, 65–66 (S.D.N.Y. 2002)).  The Court agrees.

As previously discussed, and as Home Depot rightly argues, "there are individualized factual issues as to the cause of any injuries of any supposed [Connecticut] class members."  *Id.* at 22.  For this reason, the Court finds that the commonality and predominance requirements for class certification are not met.  *See Rink v. Cheminova, Inc.*, 203 F.R.D. 648, 673 (M.D. Fla. 2001) (finding that "the personal injury class is inappropriate by reason of a lack of predominance of common issues and a corresponding lack of superiority and manageability.  Indeed, the individualized issues in such claim overwhelm any issues which might otherwise be labeled common.").

The Court also finds the commonality and predominance requirements unmet because "the requirement that common questions predominate is not limited to liability: plaintiff must also demonstrate that common issues predominate with respect to the injuries allegedly suffered by the class members." *Haag v. Hyundai Motor Am.*, 330 F.R.D. 127, 132 (W.D.N.Y. 2019).  This requirement, as Home Depot points out, "is not briefed in Plaintiffs' Motion."  [ECF No. 64 at 20]; *see also Breitman v. Xerox Educ. Servs., LLC*, No. 12 Civ. 6583 (PAC), 2014 WL 5364103, at *5 (S.D.N.Y. Oct. 22, 2014) (finding against predominance and noting that "Defendants would certainly be entitled at trial to prove that each class member was at fault . . ." and that "differences implicat[ing] class members' entitlement to damages . . . would necessitate individualized inquiries into each members' intentions.").  In sum, the Court finds that Plaintiffs have failed to meet

17

their burden of proof as to the Rule 23(a)(2) commonality and Rule 23(b)(3) predominance requirements.

Plaintiffs argue that "Plaintiff's *(sic)* claims here are typical of the claims of the other Class members they seek to represent because, among other things, they are a member of the Classes they seek to represent.  Plaintiff *(sic)* and all Class members were comparably injured by Defendant's *(sic)* uniform misconduct and were thus all subject to the injuries alleged in the Complaint.  Further, there are no defenses available to the Defendant[s] that are unique to Plaintiff[s].  Thus, the typicality requirement of Rule 23(a)(3) is satisfied."  [ECF No. 61 at 17].

Home Depot argues that Plaintiffs' claims are not typical under Rule 23(a)(3) because "courts have been reluctant to find typicality in products liability and mass tort actions.  The class representative's claims are often atypical because injuries among class members differ widely and because the facts on which liability will be based vary significantly from individual to individual."  [ECF No. 64 at 20 (quoting *Patton v. Topps Meat Co., LLC*, No. 07-CV-00654 (S) (M), 2010 WL 9432381, at *3 (W.D.N.Y. May 27, 2010))].  That applies here, according to Home Depot, because there are "numerous inquiries that cannot be answered on a class-wide basis and [which are] subject to fact-intensive defenses: where and how the tile was installed; whether the tile was utilized in conjunction with a safety measure, such as a bathmat; whether/how any defect can be corrected; and what the replacement cost would be depending on local material and labor costs."  *Id.* at 24.  This is also true, says Home depot, because "there are individualized factual issues as to the cause of any injuries of any supposed class members," which means that Mr. Appiah's

18

injuries are not necessarily typical of other purported class members' injuries. *Id.* at 22. The Court agrees. Class certification is not appropriate when it would require "individual determinations with respect to each class member." *Callari v. Blackman Plumbing Supply*, Inc., 307 F.R.D. 67, 76–77 (E.D.N.Y. 2015). The Court finds that the typicality requirement of Rule 23(a)(3) is unmet.

### Conclusion

For the foregoing reasons, the Court DENIES Plaintiffs' Amended Motion for Class Certification. The Court will enter a Revised Scheduling Order for the resolution of Plaintiffs' individual claims against Home Depot.

IT IS SO ORDERED at Hartford, Connecticut

*Vanessa Bryant* Digitally signed by Vanessa Bryant
Date: 2021.12.09 11:07:38 -05'00'

**Hon. Vanessa L. Bryant**
**United States District Judge**